## G. W. STEPHENS V. BEN. HIX.

1. If the plaintiff demur to the evidence of the defendant, and the defendant join in the demurrer, the question of fact upon the evidence is cast upon the court; and, on appeal, the court will render such judgment as the testimony warrants.

2. A demurrer to evidence is analogous to a demurrer in pleading, the party from whom it comes declaring that he will not proceed because the evidence offered on the other side is not sufficient to maintain the issue.

3. Where both parties claim title under a common source, and plaintiff shows title from such common source, and that defendant is in possession, such evidence is sufficient, and it devolves upon the defendant to show either the nullity of plaintiff's deed, or prove a superior title in himself.

APPEAL from Johnson. Tried below before the Hon. Charles Soward.

This was an action of trespass to try title for twenty-five acres of land, brought by appellant against Ben. Hix and Nancy Page.

Plaintiff alleged that Mrs. Page and one John P. Bailey had combined to defraud W. C. Philips of the land; that Bailey had a general power of attorney from Philips, of date twenty-third of July, 1859; that at breaking out of the late war, Philips had left the country, and in his absence within the lines of the United States forces, the said Bailey had, in disregard of rights of Philips, sold said land to Mrs. Page for Confederate notes; that said power of attorney was revoked by the said civil war, and that said sale for Confederate States paper was without authority; that after the close of the war Philips had sued Bailey and Page, to set aside said transaction, and that in said suit judgment by default went against Bailey; and that Mrs. Page, having heard that Philips was about bringing suit, had sold the land to the defendant, Ben. Hix, with notice, and *disclaimed* title.

The defendant set up title by purchase from Mrs. Page, she purchasing of Bailey, attorney for Philips.

The plaintiff on trial read the deed from Philips to him, and the proceedings in Philips v. Page, and showed that defendant, Hix, was in possession.

The defendant read his deed from Mrs. Nancy Page, and closed.

The plaintiff demurred to the evidence of the defendant, and the defendant joined in demurrer.

The court sustained the demurrer to the testimony of both the defendant and plaintiff, and rendered judgment for the defendants.

The plaintiff appeals.

*A. Bradshaw*, for appellant, cited 2 Kent, p. 68; 26 Texas, 731, Wright v. Dailey; 28 Texas, 443, Alexander

v. Ransom; 34 Texas, 441, Rogers v. Burchard; 32 Texas, 803, Harwood v. Blythe.

No brief filed for appellee.

OGDEN, P. J.—On the trial of this cause, after the evidence of both plaintiff and defendant had closed, the plaintiff demurred to defendant's testimony, and the defendant joined in the demurrer; thereupon the court withdrew the cause from the jury, and decided the same upon the demurrer. This, says Bouvier, is the correct practice, and he refers to Arch. Prac., 186, and other authorities, as supporting the rule enunciated. He further says, that "A demurrer to evidence is analogus to a demurrer in pleading, the party from whom it comes declaring that he will not proceed, because the evidence offered on the other side is not sufficient to maintain the issue."

The parties having demurred to each other's evidence, it then became the province of the court to determine whether either plaintiff or defendant had sustained the allegations of their pleadings by their proof. It appears that the court sustained the demurrer to the evidence of both plaintiff and defendant, and rendered judgment for the defendant, and the plaintiff has appealed, and assigned the judgment as error; and this is the only assignment which need be noticed.

It appears that both plaintiff and defendant claim title to the land in controversy through W. C. Philips as a common source, and on the trial the plaintiff introduced in evidence a deed direct from Philips to himself, conveying to him the land in controversy. He then proved that the defendant was in possession of the land. We think this evidence clearly sufficient to authorize a judgment for plaintiff, unless the defendant by his evidence established

the nullity of plaintiff's deed, or proved a superior title in himself.

The object of the plaintiff in introducing a transcript from the records in the case of Philips v. Page is not clearly perceived; but that, at least, could do the plaintiff's cause no harm, and his other evidence was sufficient to establish a *prima facie* case.

The defendant, Ben. Hix, then introduced a deed from Page to him for the land in controversy, and closed without proving up any connection whatever of his or the Page title with that of Philips, under whom they both claim.    This evidence was certainly defective, and insufficient to establish any title, or to defeat the *prima facie* title established by the plaintiff.

The court did not err in sustaining the demurrer to defendants' evidence; but there was error in sustaining the demurrer to the plaintiff's evidence.

On the contrary, we think the court should have rendered a judgment for the plaintiff.

And as the cause below was submitted to the court upon the law and the facts of the cause, this court will here render such a judgment as should have been entered below.

The judgment of the District Court is therefore reversed, and a judgment will be entered for the plaintiff below and appellant here.

REVERSED AND RENDERED.