S. D. CALDER v. F. M. RAMSEY ET AL.

(Case No. 5181.)

1. COMMON SOURCE OF TITLE—PROOF NECESSARY—In an action of trespass to try title, the defendant relied on a title derived from the plaintiff. *Held*, It was immaterial whether or not the plaintiff established a complete chain of title down to himself from the original grantee. The parties claimed under a common source, and it was sufficient if the evidence did not show that the plaintiff had parted with his title by reason of any of the deeds through which defendant claimed. (Authorities cited.)

2. IMPLIED CONDITION—MORTGAGE—If it appears from the face of an instrument that it was intended to be a mere security, its character is not affected by the fact that no condition of defeasance is expressed. See opinion for facts held sufficient to show that a written instrument of conveyance was a mortgage.

3. RIGHT OF MORTGAGOR—C. mortgaged land to P., the instrument expressing the purpose for which it was given and outlining the powers of the mortgagee. *Held*, That C. could recover as against anyone not claiming under P. by title executed in accordance with the powers conferred upon him by the instrument itself.

4. TAX DEED—NECESSARY PROOF—A tax deed is of no force unless accompanied by proof of a valid sale, by virtue of which the deed was executed. (Following Meredith *v.* Coker, 65 Tex., 29.)

APPEAL from Lampasas. Tried below before the Hon. W. A. Blackburn.

This was an action of trespass to try title brought by appellant to recover of W. L. Townsend and F. M. Ramsey two-thirds of a league of land, a part of that originally granted to S. C. Douglass.

The plaintiff offered in evidence the patent from the state to S. C. Douglass and other instruments, for the purpose of proving a complete chain of title from the state down to himself.

The defendants relied upon an instrument given by plaintiff to Peareson, a tax deed by the sheriff of Lampasas county to defendant Townsend, and a conveyance from Townsend to defendant Ramsey.

The case was submitted to the court and a judgment was rendered for defendants.

\* *Ballinger, Mott & Terry, W. L. Davidson* and *R. G. West*, for appellant.

*Acker & Abney* and *A. M. Jackson, Jr.*, for appellees.

WILLIE, CHIEF JUSTICE.—We think it unnecessary to review the rulings of the court below upon the appellees' demurrer to the supplemental petition, or upon the objections to the admission of plaintiff's testimony. We will consider only the question as to whether the judgment, upon the pleadings and evidence submitted to the district judge, should have been for the plaintiff or for the defendants.

In our opinion it is of no importance whether or not the plaintiff established a complete chain of title down to himself from the original grantee of the certificate of the land in controversy. The evidence clearly shows that the defendants' only title to the land was derived through P. E. Peareson, and that P. E. Peareson's title was derived from the plaintiff himself. No outstanding title was shown which had its origin in anyone else besides the plaintiff. The allegation of the special answer, that Calder claimed by deed from Peareson, was not sustained. The parties claimed under a common source, and there was no necessity for Calder to prove any title originally in himself. It was sufficient if the evidence did not show that he had parted with his title by reason of any of the deeds through which the defendants claimed. Keys *v.* Mason, 44 Tex., 142; Stegall *v.* Huff, 54 Tex., 193; Wilson *v.* Palmer, 18 Tex., 592.

The conveyance from the plaintiff to Peareson was, by its terms, a mortgage, with power to the mortgagee to sell at private sale, and, with the proceeds of the sale, satisfy the debts named in the instrument, the remainder of the proceeds or such portion of the land conveyed as should not be used in paying the debt, to be re-conveyed to the grantor. No condition of defeasance is expressed in the deed, but that does not affect its character; for that condition is implied wherever it appears on the face of the instrument that it is intended as a mere security. National Bank *v.* Lovenberg, 63 Tex., 506; Gage *v.* Chesebro, 49 Miss., 486.

The trustee was to convey to the grantor such of the land as remained after payment of the debts named in the deed. If the debts were extinguished by payments made by the grantor himself, there were none left to be paid out of a sale of the land, and the whole tract necessarily reverted to the grantor. Besides, Peareson was not clothed

\* [NOTE.—The briefs of the respective counsel were not found with the transcript. —REPORTER.]

with absolute power to sell at all events, but could only do so in case $1.00 per acre could be obtained for the land. M. & M. Bank *v.* Bank of Penn., 7 Sergeant & Rawle, 343.

His authority was limited, and not the absolute power whicn an ordinary grantee or assignee possesses over the thing conveyed. For these reasons, and others not necessary to mention, the instrument must be construed as giving a lien to secure the debts named in it, the equity of redemption or ownership of the land remaining in Calder, the grantor.

This was sufficient to recover upon, as against any one not claiming under Peareson by title executed in accordance with the powers conferred upon him by the instrument itself. Any title derived from Peareson, but not authorized by law, was, of course, of no avail as against the owner of the equity of redemption. The only title relied on by the appellee, Ramsey, was a deed from the tax collector of Lampasas county to his co-defendant, Townsend, and a deed from Townsend to himself. The tax collector's deed shows that the property was assessed for taxes, levied upon and sold as the property of Peareson. Without pausing to inquire whether the tax sale made under these circumstances, if otherwise regular and in compliance with law, would convey to the purchaser full title as against the appellant, it is sufficient to say that there was no proof in this case, except the recitals in the deed itself, that the statutes regulating the assessment and collection of taxes, and the sale of property in satisfaction of them, were complied with in any respect whatever. In Meredith *v.* Coker, 65 Tex., 29, it was held that a tax deed was of no force unless accompanied by proof of a valid sale, by virtue of which the deed was executed. No proof of that kind having been offered in this case, the deed was not evidence of title in the appellee, Ramsey, and the court erred in rendering judgment in his favor. For this error the judgment will be reversed, and the court here proceeding to render such judgment as should have been rendered below, adjudges that the appellant recover of the appellees the land in controversy, together with all costs incurred in this and in the district court, and have his writ of possession.

REVERSED AND RENDERED.

[Opinion delivered May 7, 1886.]

[Associate Justice Stayton did not sit in this case.]