No. 2452.

W. A. CRAFTS *v.* J. L. DAUGHERTY.

1. VENDOR AND VENDEE.—When land is sold to be paid for at a future time, and a deed is executed to the vendee who executes to the vendor a mortgage to secure payment of purchase money, the legal title remains with the vendor until the land is paid for. If before payment the vendor executes a deed of conveyance for the same land to a third party, and transfers to him the unpaid notes of the first purchaser, such party is subrogated to the rights of the vendor under the mortgage, and being in possession, may in a suit by the first purchaser in trespass to try title show under the plea of not guilty, that the original purchase money remains unpaid and defeat a recovery either of the land or the possession. The fact that the deed executed by the vendor to the second purchaser was made in consummating an attempted sale under the mortgage not authorized by its terms, is immaterial.

2. CERTIFIED COPIES—EVIDENCE.—A certified copy of a deed is not admissible in evidence on mere proof that the party offering it had caused it to be attached to a commission to take testimony and sent to the clerk of another county who had not returned the same, although requested to do so by letters written by the party and by others. Such evidence does not establish the fact that the deed could not have been procured by the exercise of reasonable diligence.

APPEAL from Cameron. Tried below before the Hon. J. C. Russell.

*Coopwood & Son,* for appellant: The evidence introduced made a prima facie case for appellant by common source of title and the better and superior title in him and that the deed under which appellee claimed was fraudulent and void, and under the pleadings and upon the state of case made by the evidence, appellant was entitled to a judgment in his favor, and the instruction given to the jury by the court of its own motion was such error as deprived appellant of all his rights in the case. (Murchison v. White, 54 Texas, 81; Ayers v. Duprey, 27 Texas, 604, 605; Baldridge v. Scott, 48 Texas, 178; Morrow v. Morgan, 48 Texas, 306, et seq.; Hannaz v. Thompson, 14 Texas, 145; Duty v. Graham, 12 Texas, 427; Mann v. Falcon, 25 Texas, 275; Hardy v. DeLeon, 5 Texas, 246; McMahon v. Alexander, 38 Texas, 136; Williams v. Barrett, 52 Texas, 131, 132; Johnson v. Richardson, 52 Texas, 494; Hunton v. Nichols, 55 Texas, 217; Davone v. Fan-

ning, 2 Johns. Ch., 253, et seq; Fulton v. White, 66 N. Y., 556; Van Epps v. Van Epps, 9 Paige, 241; Dyer v. Shuetleff, 112 Mass., 165 and 17 Am. R., 79, et seq.; Calder v. Ramsey, 66 Texas, 218.)

Appellee can not rely on the fraudulent and void sale to him as his right to enter upon and hold the premises, and under his plea of not guilty, claim on the trial a subrogation under the mortgage to Edward Daugherty to defeat appellant's valid deed to the land from the person in whom he has shown a common source, but to entitle him to any right or relief under the mortgage, he should have set it up by answer in the nature of a cross bill, making all necessary parties, and offering to repay the purchase money and deliver up the note for the balance due, and to pay for the improvements made by appellant, citing McCarty v. Moore, 50 Texas, 290–291; Baker v. Compton, 52 Texas, 260; Rippetoe v. Dwyer, 49 Texas, 503.

The charge of the court must agree with the allegations and proof, and when a charge utterly disregards the proof tending to support the averments made by the plaintiff in his petition, and requires the jury to find for the defendant upon a supposed issue not made by the pleadings, it is such error as requires the reversal of the judgment rendered upon a verdict so procured. (Smith v. Montés, 11 Texas, 24; Payne v. Francis, 37 Texas, 75; Markham v. Carothers, 47 Texas, 22.)

*McCampbell & Welch,* for appellee.

STAYTON, ASSOCIATE JUSTICE. This is an action of trespass to try title instituted by appellant August 17, 1878, but the petition further seeks to have a deed canceled under which it is claimed the appellee asserts title.

On February 20, 1870, Edward Daugherty conveyed the land in controversy to the appellant by a deed which recited a consideration of eight thousand dollars; but the evidence shows that the real consideration was fifteen hundred dollars, of which two hundred was paid at the time of the conveyance, and simultaneously with the making of the deed appellant executed to his vendor a mortgage on the land to secure the unpaid purchase money, which empowered him, his heirs or assigns to sell the land if default was made in the payment.

All the purchase money except six hundred dollars having been paid, on June 10, 1871, appellant executed a mortgage to

his vendor on the the same land which recited that it was "intended as a mortgage and to stand in the stead of a mortgage executed by me to said Edward Daugherty on the twentieth day of February, 1870, and to secure the payment of the sum of six hundred dollars in specie coin, being a part of the original purchase money of said tract."

This mortgage also empowered Edward Daugherty, his heirs or assigns to sell the property at public auction in case default was made in the payment of the balance of the purchase money, which was evidenced by a note of same date as this last mortgage, due one year after its date.

This note not having been paid, Edward Daugherty wrote the following letter to A. J. Leo:

BROWNSVILLE, TEXAS, April 26, 1876.
*A. J. Leo, Esq., Hidalgo, Texas:*

Dear Sir—Herewith please find the original trust deed and note of Welcome A. Crafts to me for part of the purchase money of the lands known as Zacatal. I desire you to act for me in making the sale on second of May, and to announce before the sale the fact that you demand payment in my name. If any person pay the note and interest for Mr. Crafts, you will give up the note, but if not, you will proceed to sell the land to the highest bidder for cash in coin. If no person bid the whole amount of the debt and interest, I desire you to bid it in for me in the name of my son, James L. Daugherty. I am, respectfully, yours, etc.,

EDWARD DAUGHERTY.

Under the authority thus conferred upon him, Leo sold the property in accordance with the terms of the trust deed, and it was bid in in the name of James L. Daugherty, to whom Edward Daugherty subsequently executed a deed for the land. An adjustment of the amount for which the land was bid off was made between Edward and James L. Daugherty, and the latter seems to have been the owner and holder of the note for six hundred dollars executed by appellant to Edward Daugherty. This note has never been paid by appellant, in part or in whole.

The deed from Edward Daugherty to appellee bears date May 2, 1876, but it is evident that it was not executed and delivered until about the month of September of that year. The petition alleges, as a ground for canceling the deed under which the

appellee claims, a want of authority in Leo to make a sale under the mortgage; collusion between Edward Daugherty, A. J. Leo and the appellee to prevent fair competition in bidding; that the appellee and Leo made, or caused to be made, the deed under which the former claims, during the absence of Edward Daugherty from the State, but it admits the execution of the mortgage under which Leo assumed the power to make the sale, and of the note secured by it, and in no way claims that the note had been paid or tenders payment.

There are twenty-nine assignments of error, which, in view of the questions involved in the case, it will not be necessary to consider separately. That the sale made by Leo in the attempted execution of the power given in the mortgage to Edward Daugherty, did not divest the appellant of any right he may have had is too clear for controversy. (Fuller v. O'Neal, decided at last Tyler term.) It does not follow from this, however, that the deed delivered to the appellee by Edward Daugherty did not vest in him whatever rights Edward Daugherty had to the land. Whether that deed was actually signed by Edward Daugherty, or whether it was executed at the time it bears date, or was antedated, is a matter of no importance in considering its effect between Edward Daugherty and the appellee; for it became the deed of Edward Daugherty when he delivered it to the appellee. Under a long line of decisions in this state it must be held that the legal title to the land in controversy remained in Edward Daugherty after he executed the deed under which the appellant claims. (Dunlap v. Wright, 11 Texas, 597; Baker v. Ramey, 27 Texas, 52; Jackson v. Palmer, 52 Texas, 434; Harris v. Catlin, 52 Texas, 8; Roosevelt v. Davis, 49 Texas, 463.

The deed of Edward Daugherty to the appellee passed to him the legal and superior title to the land, and under his pleadings, which were only those usual in actions of trespass to try title, he was entitled to prove any fact which evidenced the character of title or right that by it passed to him. He was entitled to offer in evidence the two mortgages which, as they were executed, showed that the plaintiff took under the deed to himself only a right to have the legal or superior right to the land by paying the purchase money as he agreed to do, and that until this was done his vendor had the superior right to the land; and he was entitled to show that the purchase money had never been paid, and that for this reason the deed under which appellant claims did not pass the superior title. The defendant

had made default in the payment of the purchase money long before the deed under which appellee claims was executed. As said in Dunlap v. Wright: "This is not a suit for specific performance, it is not one in which the plaintiff shows equity, and if in default, gives some reasonable excuse, and an offer to do equity, calls on the court to enforce his right, it is based on a supposed, mere naked legal right; and we have seen that, without performance on his part, the vendor, and not the vendee, has the superior title, and, at least, if in, is entitled to retain possession."

The appellee holding under a deed from the vendor of the appellant has all the legal rights his vendor had in or to the land, and, holding the purchase money note, he had the same right to have it paid as had his vendor, before the superior right to the land can vest in appellant. Under the facts the appellant was not entitled to a judgment for the land, nor to disturb the possession which the appellee took under his deed. (Harris v. Catlin, 53 Texas, 8; Jackson v. Palmer, 52 Texas, 434; Masterson v. Cohen, 46 Texas, 520; Hale v. Baker, 49 Texas, 217.) Whether the appellant had equities which might have been enforced had he pleaded them and offered to do equity, as the case is presented, it is unnecessary to consider. It was made to appear by the appellant in proving common source of title, that the appellee holds under a deed from Edward Daugherty, and in considering the merits of the case we have treated it as though that fact was shown in such manner as to avail the appellee.

The appellee offered in evidence a certified copy of the deed from Edward Daugherty to himself, and this was objected to on the ground that the nonproduction of the original was not accounted for. The evidence offered to excuse the nonproduction of the original showed that it had been attached to a commission sent by the appellee to Wharton county in 1880 to take the deposition of a witness there residing: that it was sent to the clerk of he district court of that county and had not been returned, but that the appellee and others had written several letters to the clerk in reference to it but had received no replies. No further effort was shown to have been made to procure the deed, and we are of the opinion that this evidence did not show that the original deed had been lost or destroyed, or that it could not have been obtained by the exercise of reasonable diligence.

The court erred in admitting in evidence the certified copy of

the deed, and for this reason the judgment of the district court will be reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered January 13, 1888.