## A. C. GLOVER v. JANE C. THOMAS ET AL.

### No. 2924.

1. **Error Cured.**—A plaintiff claiming under a common source of title on the trial offered a duly certified copy of the deed; the defendant in his case introduced the original; *held,* that any error in the admission of the copy was cured by the production in evidence of the original.

2. **Common Source of Title.**—The rule as to deraigning title from a common source in suits for the recovery of land is founded upon the principle that a defendant in such action by claiming under a certain title affirms its validity.

3. **Witness Incompetent.** — Defendant held incompetent as witness to prove transactions between the deceased ancestors under whom the plaintiffs asserted title and the ancestor of witness by which to prove that a deed to the other parties was by mistake so made to them instead of to witness or his father, from whom moved the consideration for the deed.

4. **Delivery of Deed.**—A party holding a deed to himself and two others, and claiming the land under the deed, can not attack the rights of the other grantees named in the deed for want of delivery.

Appeal from Clay.　Tried below before Hon. P. M. Stine. The opinion states the case.

*J. E. Bomar* and *Meade & Bomar,* for appellant, cited Cox v. Bray, 28 Texas, 247; De Cordova v. Knowles, 37 Texas, 19; Tied. on Real Prop., secs. 812, 813.

. *W. G. Estis,* for appellees, cited Calder v. Ramsey, 66 Texas, 219; Gardner v. Lasker, 71 Texas, 431; Railway v. Milmo Nat. Bank, 72 Texas, 467; Parks v. Candle, 58 Texas, 221.

GAINES, Associate Justice.—This was an action of trespass to try title, brought by appellees against appellant and the Carroll Land and Cattle Company, to recover a tract of land consisting of 640 acres. The defendant the Carroll Land and Cattle Company disclaimed as to the west half of the tract, and to the other half pleaded not guilty and the statute of limitations. Upon the trial the court gave judgment in its favor for the east half and the plaintiffs have not appealed.

The appellant disclaimed as to the east half, and as to the west half pleaded not guilty. He here appeals from a judgment against him for the latter half.

During the trial, in order to show a common source of title between the plaintiffs and defendants, the plaintiffs offered in evidence a certified copy of a deed purporting to have been made by J. L. Thompkins and C. L. McMurphy, by M. C. McLemon, their attorney in fact, and to convey to R. D. Glover, T. J. Jennings, and W. M. Thomas the land in controversy.

The defendants objected to the evidence offered on substantially two ground—first, because the original deed was the best evidence, and no reason was shown why it was not produced; and, second, because the authority of the person by whom it was executed to make the conveyance was not shown. The certified copy of the deed was admitted, and defendant excepted and now assigns the ruling as error.

In regard to the first ground it is sufficient to say that if there was error in admitting the certified copy, the error was cured by the act of appellant himself. When he came to adduce his evidence he introduced the original deed. Having the deed in his own possession, if plaintiffs had given him notice to produce it, and he had failed to do so, the copy would have been admissible. He was evidently not prejudiced by the ruling.

Ought the deed to have been excluded upon the second ground of objection? The rule as to deraigning titles from a common source in suits for the recovery of land is founded upon the principle that a defendant in such action by claiming under a certain title affirms its validity. If therefore the plaintiff show a superior right under that title, he ought prima facie at least to prevail in the suit. It need not be a good title; it

is sufficient that it is appearance of title, and that both parties claim under it.

It is also claimed that the court erred in excluding the testimony of appellant. The deed above mentioned, if it conveyed any title at all, placed the apparent legal title to the land in suit in R. D. Glover, T. J. Jennings, and W. M. Thomas. The evidence showed that they were all dead. The defendant A. C. Glover was a son and heir of R. D. Glover. The plaintiff Jackson sued as executor of the will of Jennings, and ·plaintiff Mrs. Thomas as sole heir of her husband W. M. Thomas. Counsel for appellant Glover offered to prove by his own deposition that R. D. Glover, Jennings, and Thomas, the grantees in the deed, had been partners in business, and that Thompkins and McMurphy, the purported grantors, owed the firm a debt; that upon a division of the assets of the firm this debt was transferred to R. D. Glover, who gave it to appellant; that Thompkins agreed with plaintiff to convey the land in controversy in satisfaction of the debt; that in pursuance of the agreement he caused the deed in evidence to be executed; that the names of the grantees therein were inserted by mistake, and that he received the deed knowing of the mistake, believing that the grantees would convey to him the land. The testimony was objected to and excluded "because it was evidence of a transaction defendant A. C. Glover had with the ancestors of plaintiffs, or W. M. Thomas and T. J. Jennings, who were deceased, and because it was attempting to vary by parol the terms of a written instrument." The court sustained the objection. We think the first ground of objection was well taken. We need not determine whether the appellant could testify as to the circumstances attending the execution of the deed or not. The relevancy of these facts depended upon the question whether or not he was the owner of the claim the satisfaction of which constituted the consideration for the conveyance.

As to the transaction between the parties by which, as appellant claims, his father became the owner of the claim against Thompkins and McMurphy, we have not been able to distinguish the testimony of appellant which was offered from that which was held to be inadmissible in the case of Parks v. Candle, 58 Texas, 221. The other testimony depended upon this, and the whole was properly excluded.

The last assignment is that the court erred in finding that plaintiffs had any interest in the land in controversy. This assignment is based upon the proposition that because the evidence showed that the purported conveyance was never delivered to the grantees named therein, but was delivered to appellant as his deed, it conveyed no title to them. The appellant showed no claim to the land except under that deed, and he did set up a claim under it by attempting to show that it was delivered to him as a conveyance to himself; that the consideration passed from him and that it enured to his benefit. Claiming solely under the deed,

he can not deny its validity as a conveyance of the legal title to the grantees named therein, and he has failed to show any equity under it. It was proven on the trial that appellant had conveyed the east half of the land, both in his own right and as attorney in fact of his father, Jennings, and Thomas, but that the constituents in the power of attorney were all dead when the conveyance was made.

This disposes of all the assignments of error. Under the deed plaintiffs and appellant owned each an undivided one-third interest in the entire tract. The plaintiffs recovered the whole of one-half. We presume this was permitted because it was shown that he had conveyed the other half. Whether the evidence was sufficient to warrant such a judgment we need not decide, because there is no assignment of error which presents the question.

There is no error pointed out by the assignments, and therefore the judgment is affirmed.

*Affirmed.*

Delivered December 20, 1889.