Delivered January 13, 1891.

## J. C. BURNS, GUARDIAN, v. BENSON GOFF.

### No. 2907.

1. **Variance.** — In an action to recover land by plaintiffs as heirs of their mother, the petition alleged the mother as *common source of title;* it also indicated deeds as showing common source under a deed by a guardian of the plaintiffs, with conveyances down to defendant. Objection was urged to the guardian's deed (which was inoperative to convey title, and was a deed with special warranty), because irrelevant to the issue of common source in the mother and incompetent. *Held,* there was no variance, as the petition showed facts making *the heirs* the common source, and it was competent to show the claim of defendant under them.

2. **Special Warranty—Quitclaim.**—A conveyance with special warranty can not be considered a quitclaim, but a quitclaim would be a conveyance sufficient to connect the claimant under it with the common source when necessary to be shown.

**3. Common Source of Title.** — The statute provides (Revised Statutes, article 4802) that proof of a common source may be made by certified copies of the deeds evidencing such claim emanating from the common source. When a deed is introduced which shows such a claim by a defendant, that is sufficient, although the deed from some cause be inoperative to convey an interest therein.

**4. Same—Sheriff's Deed—Tax Deed.**—An irregular or void sheriff's deed, or a tax deed for the land but conveying no title, may be evidence of such a claim under common source.

**5. Same— Practice.**—A defendant can not defeat the rule of *common source* by a declaration that he does not claim under it. Rev. Stats., art. 4802.

**6. Same.**—If defendant has superior right to the land, whether from adverse possession or other facts, he is not precluded from showing it, but in the absence of evidence on his part tending to show such superior right the plaintiff would be entitled to recover on proof of a defective claim of title by defendant emanating from and under the common source made in the manner prescribed by the statute.

APPEAL from Goliad. Tried below before Hon. H. Clay Pleasants. The opinion contains a statement.

*Brown & Burns,* for appellant.—1. A variance between allegation and proof to be fatal must be such as to mislead or surprise the adverse party. Shipman v. Fulcrod, 42 Texas, 248; Wiebusch v. Taylor, 64 Texas, 53; Sayles' Civ. Stats., art. 2245, rule 7, and authorities cited; Hays v. Samuels, 55 Texas, 560; McCauley v. Long, 61 Texas, 74; Longley v. Carothers, 64 Texas, 287; Washington v. Bank, 64 Texas, 4; Pyron v. Grinder, 25 Texas Supp., 159; May v. Pollard, 28 Texas, 677; Spencer v. McCarty, 46 Texas, 213.

2. A deed which is defective, voidable, or even absolutely void may be introduced in evidence for the purpose of showing a common source of title or that defendant claims under plaintiff. Rev. Stats., art. 4802; Garner v. Lasker, 71 Texas, 431; Keys v. Mason, 44 Texas, 140; Paschal v. Acklin, 27 Texas, 192; House v. Stone, 64 Texas, 677.

3. When a common source of title is proven, or it is shown that defendant holds under the plaintiff and the superior title is in plaintiff, the necessity for plaintiff connecting himself with the sovereignty of the soil is obviated and judgment should be for plaintiff; and defendant is precluded from pleading a superior outstanding title unless he connects himself therewith. Tapp v. Corey, 64 Texas, 594; Sellman v. Hardin, 58 Texas, 86; Calder v. Ramsey, 66 Texas, 218; Steagall v. Huff, 54 Texas, 192.

*Patton, Lane & Mayfield,* for appellee.—Where the pleader expressly alleges an issuable fact and makes it one upon which his right to recover depends, he must prove such fact as alleged. It may not be necessary to allege common source in a declaration in trespass to try title, but if notwithstanding the pleader alleges common source to be in a certain named person, the proof offered must correspond and establish that fact, otherwise the defendant would be deceived and misled by the allegation. An

allegation that the common source of title is in A is not supported by proof that the defendant holds through and under a void title in B and C. Rev. Stats., art. 4802; Howard v. Masterson, 77 Texas, 41.

On variance. Mims v. Mitchell, 1 Texas, 443; McGreal v. Wilson, 9 Texas, 426; Able v. Lee, 6 Texas, 427; Gammage v. Alexander, 14 Texas, 414; Brown v. Martin, 19 Texas, 343; Stewart v. Gordon, 65 Texas, 344; Espey v. Heidenheimer, 58 Texas, 662.

STAYTON, CHIEF.JUSTICE.—This action was brought by appellant, as guardian of R. H. and Virgie Richeson, sole surviving children of Virginia Richeson, deceased, to recover an undivided interest in the tract of land in controversy.

The petition contained the following averments: "Plaintiff avers that he and defendant claim title to said premises through a common source, to-wit, Virginia Richeson (nee Hord), the mother of plaintiff's wards, from whom said premises descended to said wards, and defendant is hereby notified that plaintiff will offer in evidence on the trial of this cause certified copies of the following deeds, each conveying said land, to prove said common source, the originals being in defendant's possession, to-wit: Deed from M. T. Tippen to defendant, of date of November 14, 1887; deed from R. N. Ewell, a pretended guardian of these wards, to M. T. Tippen, dated February 5, A. D. 1884."

The defendant pleaded not guilty, and denied that he claimed the land through the deeds mentioned, but asserted right in himself, and alleged if he had not the title that the same still remained in Loudon Webster, to whom the land was patented.

The plaintiff offered the patent in evidence and then offered the two deeds referred to in his pleadings, which were excluded on objection made by defendant, whereupon a judgment was rendered in his favor.

One of these deeds purported to be made by R. N. Ewell as guardian of plaintiff's wards, in pursuance of an order of a chancery court in Kentucky, directing Ewell as guardian to execute it, and the deed on its face purported to convey the lands sued for.

While this deed does not in terms recite that the wards claimed the land by inheritance from their deceased mother, Virginia, the recitals are such as reasonably raise the inference that such was the basis of her children's right.

The other was a deed from M. T. Tippen to the defendant, conveying land in controversy as well as other lands to defendant, with only special warranty as to the land in controversy.

The objections to these deeds were, "(1) there was a variance between the allegations and the proof of common source; (2) because the deed from R. N. Ewell, guardian, to M. T. Tippen did not convey land, but only a

chance thereto; (3) because a deed by a foreign guardian by order of a foreign court could not be used to show a common source."

The last two objections were sustair ed.

We are of opinion that all the objections should have been overruled. If the recitals in the deed from Ewell, guardian, were not sufficient to show that the wards claimed through their mother by inheritance the objections based on variance should not have been sustained, for at most the averment that the mother was common source may be deemed surplusage and the defendant could not have been misled thereby, for the deeds referred to notified him that the children were the common source, for the deed from their guardian purported to convey their title.

Neither of the deeds could be deemed merely quitclaims; but were this otherwise we do not see that this would affect the question.

That the deed from Ewell, guardian, did not pass the title of his wards must be conceded; but this does not affect the question, for it is not necessary that a deed to show common source should pass the title.

The rule which renders it unnecessary for a plaintiff to deraign title beyond the common source is one of convenience and does not deprive a defendant of the right to show that he has the superior right through the common source or otherwise.

The statute provides that "proof of a common source may be made by the plaintiff by certified copies of the deeds *showing a claim of title to the defendant* emanating from and under such common source."

When a deed is introduced which shows such a claim by a defendant, that is sufficient, although the deed may be for some cause inoperative.

If a defendant claims though a purchaser under execution against a plaintiff, the sheriff's deed may not for some cause pass the title, yet such a deed will be sufficient evidence of common source, and the plaintiff in such a case need not deraign title beyond himself as common source. Pearson v. Flanagan, 52 Texás, 266; Steagall v. Huff, 54 Texas, 192; Calder v. Ramsey, 66 Texas, 218; Sellman v. Hardin, 58 Texas, 86.

A void tax deed purporting to evidence the sale of land as the property of an owner named may be used to show the claim of title by a defendant when sued by some one claiming from the same source. Garner v. Lasker, 71 Texas, 433.

The case of Linthicum v. March, 37 Texas, 350, seems to hold that a defendant may defeat the rule of common source by a declaration that he does not claim under it, as was attempted in this case, but we are of opinion that such a rule can not be maintained under the statute now in force. Rev. Stats., art. 4802.

If defendant has superior right to the land, whether this arises from adverse possession or other fact, this he is not precluded from showing; but in the absence of some evidence on his part tending to show such such superior right the plaintiff would be entitled to recover on proof of

claim of title by defendant emanating from and under the common source, made in the manner prescribed by the statute.

The evidence should have been admitted, and for its exclusion the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered January 13, 1891.