### WOODWARD v. ROSS.[†]

(Court of Civil Appeals of Texas. San Antonio. Jan. 8, 1913. On Motion for Rehearing, Feb. 5, 1913.)

1. LIMITATION OF ACTIONS (§ 167*)—BAR OF DEBT AS AFFECTING SECURITY—RETENTION OF VENDOR'S LIEN.

Where a vendor's lien is expressly retained in the deed, or a contemporaneous mortgage is given, the legal title remains with the vendor, and he may recover the land, though the purchase-money notes are barred by limitation.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 651–653; Dec. Dig. § 167.*]

2. VENDOR AND PURCHASER (§ 230*)—BONA FIDE PURCHASER—NOTICE.

A purchaser from a vendee must take notice of the terms of the deed from the vendor, which reserved an express lien for the price, though it is unrecorded, and he cannot repudiate the superior title of the vendor or any one claiming under him.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 502–512; Dec. Dig. § 230.*]

3. VENDOR AND PURCHASER (§§ 270, 275*)—RETENTION OF VENDOR'S LIEN — NONPAYMENT OF PRICE—REMEDIES.

Where a vendor assigned the vendor's lien notes and quitclaimed his interest in the land to the assignee, the latter became the owner of the superior title, and he could enforce his rights by action on the notes and a foreclosure of the lien, or he could disaffirm the contract and sue for the land.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 768, 772; Dec. Dig. §§ 270, 275.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court.

4. TRESPASS TO TRY TITLE (§ 11*)—COMMON SOURCE OF TITLE—APPLICABILITY OF DOCTRINE.

The doctrine of common source of title may be invoked where defendant, in trespass to try title, is in possession of the land sued for.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 14; Dec. Dig. § 11.*]

On Motion for Rehearing.

5. TRESPASS TO TRY TITLE (§ 38*)—COMMON SOURCE OF TITLE—BURDEN OF PROOF.

A grantor for himself, and as attorney in fact for third persons, conveyed real estate to a grantee, reserving a vendor's lien evidenced by notes. The grantor assigned the notes, none of which were ever paid, and quitclaimed his interest in the land to the assignee, who brought trespass to try title against a defendant, who claimed under a deed from the grantee. Held, that both parties claimed under a common source of title within Sayles' Ann. Civ. St. 1897, art. 5266, providing that plaintiff need not deraign title beyond a common source; and defendant in possession, to defeat a recovery, must prove an outstanding title, and must prove that the grantor had no power of attorney to sell the interests of the third persons.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 53; Dec. Dig. § 38.*]

6. TRESPASS TO TRY TITLE (§ 38*)—PRESUMPTIONS — REGULARITY OF COURSE OF BUSINESS.

In view of Sayles' Ann. Civ. St. 1897, art. 5266, the law presumes that the common source of title, conveying the land for himself and as attorney in fact for third persons, had a power of attorney, in the absence of any proof to the contrary.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 53; Dec. Dig. § 38.*]

Appeal from District Court, Colorado County; M. Kennon, Judge.

Action by G. I. Ross against C. S. Woodward. From a judgment for plaintiff, defendant appeals. Affirmed.

W. L. Adkins, of Columbus, for appellant. Walter E. Monteith, of Houston, for appellee.

FLY, C. J. Appellee instituted an action of trespass to try title to several tracts of land in Colorado county against appellant, and, on a trial by the court, was awarded judgment for all of the land, consisting of 1,977 acres of country land and two lots in the town of Cheetham.

The following, taken from the findings of fact of the district judge, are adopted by this court as its conclusions of fact: O. S. Plummer, for himself and as attorney in fact for F. C. Plummer and F. B. Plummer, executed and delivered to Leila M. Wagner deed to the land in controversy, dated December 24, 1906, reserving in the deed the vendor's lien upon the premises for $15,000, part of purchase price unpaid, which $15,000 was represented by five promissory notes for $3,000 each, bearing 7 per cent. interest per annum from date, with the usual provisions for attorney's fees, each of even date with deed, and payable one, two, three, four, and five years from date, payable to O. S. Plummer or order. These notes were exe-cuted by Leila M. Wagner and her husband and specifically mentioned in the deed, and the vendor's lien was therein specially reserved to secure their payment. No power of attorney from F. C. and F. B. Plummer was offered in evidence. On the 16th day of January, 1907, O. S. Plummer assigned the five notes executed by Leila M. Wagner and her husband, mentioned in the deed from Plummer to Leila M. Wagner, together with quitclaim to the land in suit, to the plaintiff, Ross, which assignment is dated January 16, 1907, and was duly recorded in the county clerk's office of Colorado county, Texas, on the 2d day of October, 1909. At the time of the commencement of the suit, and at the time of the trial, the plaintiff was the owner and holder of the vendor's lien notes, no part of which has ever been paid, and of the title of O. S. Plummer. Common source of title was established by the plaintiff by the introduction in evidence, for that purpose, of a deed from Leila M. Wagner and her husband, Phil F. Wagner, to the defendant Woodward, dated November 25, 1907, conveying the land in controversy for $10,000 cash, "and the assumption on the part of the said C. S. Woodward of all incumbrance now against the hereinafter described five $3,000-notes payable one to five years from date of Plummer deed to Mrs. Leila M. Wagner. A better reference is given of said deed, which is of record in Colorado county, Texas. At the time of the rendition of the judgment, the plaintiff was the owner and holder of the five notes mentioned, and of the superior title to the land in controversy."

The only answer filed by appellant in this cause consisted of a general demurrer, general denial, plea of not guilty, and pleas of limitation. No equities of any kind were attempted to be set up in the answer, nor was there any offer to pay off and discharge the promissory notes owned by appellee or any part thereof. The notes were outstanding and were given for the purchase money of the land by the immediate vendors of appellant. In the deed from O. S. Plummer to the vendors of appellant, the notes were minutely described, and a vendor's lien was retained against the property until the notes, with interest, were paid off and discharged. The consideration in the deed from Leila M. Wagner and Phil F. Wagner to appellant was $10,000 and the assumption of the payment of the notes given by the Wagners to Plummer.

[1] Where the vendor's lien is expressly retained in the deed, or a contemporaneous mortgage is given, the legal title remains with the vendor, and he may recover the land, even though the purchase-money notes are barred by limitation. There is an unbroken line of authority to this effect, beginning with Howard v. Davis, 6 Tex. 174, and coming through numerous decisions down to

Atterberry v. Burnett, 102 Tex. 118, 113 S. W. 526.

[2] Purchasers of land, from a vendee of the same, are bound to take notice of the terms of the deed from his vendor, which reserve an express lien for the purchase money, though it was unrecorded. They cannot repudiate the superior title of the vendor or any one to whom he has transferred it. Gilbough v. Runge, 99 Tex. 539, 91 S. W. 566, 122 Am. St. Rep. 659.

[3] Plummer transferred the Wagner notes to appellee, and at the same time conveyed to him his superior title to the land. Being the owner of the superior title, he could enforce his rights by suing on the notes and foreclosing the lien, or he could disaffirm the contract and sue directly for the land. Crafts v. Daugherty, 69 Tex. 477, 6 S. W. 850; Hamblen v. Folts, 70 Tex. 132, 7 S. W. 834; Pierce v. Moreman, 84 Tex. 596, 20 S. W. 821; Loan Co. v. Beckley, 93 Tex. 267, 54 S. W. 1027; Douglass v. Blount, 95 Tex. 383, 67 S. W. 484, 58 L. R. A. 699.

It is the contention of appellant that as O. S. Plummer had no authority to execute a deed, as attorney in fact for F. C. Plummer and F. B. Plummer, to the Wagners, he could not convey a superior title to appellee to their portion of the land. Appellant obtained all his claim to the land from the Wagners, and appellee held the legal title to all the interest of O. S. Plummer in the land. The interests of the appellant and appellee in the land are identical; the first holding the legal, the latter the equitable, title. In other words, O. S. Plummer is the common source, and it has been held in Texas that the title of the common grantor will not be inquired into. Pearson v. Flanagan, 52 Tex. 266; Glover v. Thomas, 75 Tex. 506, 12 S. W. 684; Evans v. Foster, 79 Tex. 50, 15 S. W. 170; Burns v. Goff, 79 Tex. 236, 14 S. W. 1009.

In the cited case of Glover v. Thomas, Judge Gaines, for the Supreme Court, said: "The appellant showed no claim to the land except under that deed, and he did set up a claim under it by attempting to show that it was delivered to him as a conveyance to himself; that the consideration passed from him; and that it inured to his benefit. Claiming solely under the deed, he cannot deny its validity as a conveyance of the legal title to the grantees therein, and he has failed to show any equity under it." The statute provides for proof of a claim under a common source; and, speaking of such a claim, it is held in the cited case of Burns v. Goff that, "when a deed is introduced which shows such a claim by a defendant, that is sufficient, although the deed for some cause may be inoperative." Several cases are cited as sustaining the decision, among the number Garner v. Lasker, 71 Tex. 433, 9 S. W. 332, wherein it was held that a void tax title is sufficient to show common source.

The rule stated seems to be somewhat modified by the ruling that proof of a common source by the plaintiff makes out a prima facie case which may be rebutted by proof that the common grantor had no title. Rice v. Railway, 87 Tex. 90, 26 S. W. 1047, 47 Am. St. Rep. 72; Simmons Hardware Co. v. Davis, 87 Tex. 146, 27 S. W. 62. In the first case, however, it was held that evidence merely of title in some one previous to the conveyance of the common grantor would not be sufficient, and that proof of outstanding title would not destroy the effect of proof of common source, unless the party making such proof connected himself with such title.

In the cited case of Simmons Hardware Co. v. Davis, it is held: "The theory of the doctrine of the common source is that proof of a claim of title by one under another is prima facie evidence as against the claimant that the title was at one time in that other, so that when the plaintiff shows that he has a valid chain of title from a certain grantor, and that the defendant claims under the same grantor, without proving what the defendant's title is, he shows prima facie that he is owner of the land, and it then devolves upon the defendant to show the superiority of his own title."

Appellee showed O. S. Plummer to be the common source, and it then devolved upon appellant to show that there was an outstanding title. This was not done by appellant. A failure upon the part of appellee to introduce a power of attorney from the other Plummers to the common source did not prove outstanding title; and, if it had been proven, appellant did not connect himself with such title. He claims the same title that is claimed by appellee, no more and no less. He sets up no equities, but claims absolutely the whole of the land.

[4] There is no authority for the proposition that, if the defendant is in possession of the land sued for, the doctrine of common source cannot be invoked. The case of Linthicum v. March, 37 Tex. 349, cited as authority for the proposition, does not so decide. It was held in that case that common source was not shown, and that, the plaintiff having failed to show title, the defendant, being in possession, he should recover. To sustain appellant's contention would greatly impair, and in most cases absolutely destroy, the effect of common source of title, for defendants are usually in possession.

The judgment is affirmed.

## On Motion for Rehearing.

[5] When appellee showed that O. S. Plummer was the common source, it did not devolve on him to go back of that common source and show authority in him to execute the deeds to the land. We endeavored to show that proof of common source overcame all claims based by appellant upon mere possession; but the claim is reiterated in

the motion for rehearing. Appellant made no effort to show that O. S. Plummer had no power of attorney to sell the land, although that burden rested on him. When appellee proved that he and appellant both claimed title from O. S. Plummer, and that under that source he had the superior title, he had made out a prima facie case and should recover, unless it was shown by appellant that the common source had no title. If such proof had been made, then appellant might invoke possession to protect him against the claims of appellee. As said by the Supreme Court in Rice v. Railway, 87 Tex. 90, 26 S. W. 1047, 47 Am. St. Rep. 72: "Evidence that the defendant claims title under the common grantor is prima facie proof that such grantor had the title at the time he undertook to convey the right which the defendant claims; and this necessarily involves the assumption that he had acquired the title of all previous owners. The rule as to common source means this, if it means anything. The rule is statutory in this state; and to permit a defendant to defeat its operation by showing the naked fact that, previous to the time the grantor undertook to convey, some third party had the title would render it nugatory."

[6] Appellant failed to show that O. S. Plummer did not have a power of attorney authorizing him to sell the land, and he asks this court to presume that he did not have it. The presumption will be indulged that he did have the power of attorney, in the absence of proof by appellant that he did not have it. House v. Reavis, 89 Tex. 626, 35 S. W. 1063; Ferguson v. Ricketts, 93 Tex. 565, 57 S. W. 19; Robertson v. Kirby, 25 Tex. Civ. App. 472, 61 S. W. 967. This proposition is statutory, for in article 5266, Sayles' Statutes, it is provided that it shall not be necessary for the plaintiff to deraign title beyond a common source, and it was the duty of appellant, and not that of appellee, to prove an outstanding title.

The case of Stephens v. Hix, 38 Tex. 656, which is approved in Simmons Hardware Co. v. Davis, 87 Tex. 146, 27 S. W. 62, squarely meets the contentions of appellant that the possession of the defendant, in an action of trespass to try title, would overcome the rule as to common source. In the Stephens-Hix Case the court said: "It appears that both plaintiff and defendant claim title to the land in controversy through W. C. Philips as a common source; and on the trial the plaintiff introduced in evidence a deed direct from Philips to himself conveying to him the land in controversy. He then proved that the defendant was in possession of the land. We think this evidence clearly sufficient to authorize a judgment for plaintiff, unless the defendant, by his evidence, established the nullity of plaintiff's deed, or

proved a superior title in himself." Without proof, appellant assumes that O. S. Plummer had no power of attorney from F. C. Plummer and F. B. Plummer to sell the lands in controversy, and asks this court to do the same. There is no authority for such assumption.

The motion is overruled.