**Willie CATHEY et ux., Appellants,**

**v.**

**Rosa SHIELDS, Temporary Administratrix, Estate of Will Scott, Deceased, Appellee.**

**No. 11249.**

Court of Civil Appeals of Texas.

Austin.

Jan. 6, 1965.

Rehearing Denied Jan. 27, 1965.

.Russell G. Ferguson, Austin, for appellants.

Herbert Crook, Austin, for appellee.

PHILLIPS, Justice.

This is an appeal from a summary judgment entered in the District Court against Willie Cathey and wife, the defendants below and the appellants here, on the motion of Rosa Shields made in her capacity as temporary administratrix of the estate of Will Scott, deceased. Scott died in Travis County in March, 1963.

Appellee Rosa Shields brought her suit in the District Court in trespass to try title to compel appellants to deliver possession of certain real property alleged by appellee to be among the assets of the estate of the above-mentioned deceased, Will Scott. The suit also asked that the appellants be compelled to return to appellee possession of certain monies alleged to have been wrongfully taken from the premises of the deceased. After the appellants had answered the suit with certain defensive

pleas, the court granted appellee's motion for summary judgment.

We affirm the judgment of the trial court.

Before institution of this suit in the District Court, appellee Rosa Shields had been appointed temporary administratrix of the estate of Will Scott by order of the Travis County Probate Court dated July 25, 1963 for a period of ninety days. On November 21, 1963, the Probate Court entered two additional orders, the first of which extended the time of the appointment for an additional ninety days and for such additional period as may be necessary to carry out the purposes of such administration; the second order empowered the temporary executrix to institute and maintain lawsuits to collect the assets of the estate.

Appellants are before this Court on three points of error, the first being that the District Court erred in granting the summary judgment in view of appellants' plea in abatement to the effect that the above-mentioned orders of the Probate Court dated November 21, 1963 were entered some twenty-six days after the expiration of the ninety day period set out in the Probate Court's original order of July 25, 1963. That, for this reason, the orders of the Probate Court dated November 21, 1963 are void, subject to collateral attack and that the District Court was without jurisdiction to entertain the suit in question. Appellants maintain that the original order of July 25, 1963 empowered appellee to act as temporary administratrix for a ninety day period only, that at the expiration of the ninety day period the temporary administration terminated as a matter of law; that if any further extension of the temporary administration was ordered, it would have to have been for a period of time within the original ninety day period ordered; that the Probate Court was powerless to continue the temporary administration as it attempted to do by its subsequent orders of November 21, 1963; that at the

expiration of the temporary administration ordered on July 25, 1963 the only recourse left to the Probate Court was either to terminate the temporary administration or to make it permanent.

We cannot agree with this contention.

Subsection (c) of Section 131 of the Texas Probate Code, V.A.T.S., provides that the order making the appointment shall continue "for such period of time as the court shall deem in the interest of the estate," or until the appointment is made permanent.

In Ex Parte Lindley, 163 Tex. 301, 354 S.W.2d 364, Sup.Ct., after quoting the part of the statute set out above, the Supreme Court stated that the Legislature intended the temporary administrator to be an officer or agent of the court to assist the court in the temporary administration of the estate. That the above quoted section evidences an intent that the court shall have control over the appointment and the tenure of a temporary administrator.

In Lindley the Court states that under Section 133 of the Probate Code the Probate Court shall have power to control the temporary administration of estates and the temporary administrator that he appoints. We note Section 133 states that temporary administrators shall have and exercise only such rights and powers as are specifically expressed in the order of the court appointing them *"and as may be expressed in subsequent orders of the court."* The section continues to the effect that where a court *"by a subsequent order, extends the rights and powers of a temporary administrator"* it may require additional bond etc.

In the case at bar even though the original order setting up the temporary administration recited that it was for ninety days, the order continued " * * * that, unless this appointment is contested after service of citation, it shall be continued in force for such period of time as the court shall deem of interest to the estate involved,

or it shall be made permanent if found by the court to be necessary."

We hold that the temporary administration had not been terminated in any manner, was valid and in force and effect at the time that the court entered the subsequent orders of November 21 continuing the temporary administration and empowering the administratrix to bring suits in behalf of the estate. It may well be that continuing the temporary administration is in the best interest of the estate involved and under the wording of the statutes quoted the Legislature intended that the court be empowered to grant such extensions.

Appellant's second point of error is that of the court in granting appellee a summary judgment in view of appellants' plea of not guilty, thereby raising fact issues as to the ownership of the land involved.

Appellants contend that their answer of not guilty placed the burden of proving title on appellee under Rule 788, T.R.C.P. That this plea put in issue the title to the property and imposed on appellee the necessity of proving title; that the record is devoid of proof of title to the land involved from the original grantee or a common source as contemplated by Rule 798, T.R.C.P. As we understand their position, appellants reason that the administrator's deed appended to appellee's motion for summary judgment contains no reference to any confirmation of sale by the Probate Court and no orders of either authorization of sale or confirmation of sale by the Probate Court are attached to the deed as exhibits; that appellee cannot rely upon this deed to show common source of title because standing alone without orders of the Probate Court showing confirmation, it is void.

We do not agree with this contention. Granted that the burden of proof of establishing title was on the plaintiff (appellee), when appellee introduced the certified copy of the administrator's deed to Will Scott, it was admissible as evidence to show common source of title and was prima facie evidence of a superior right under the title until rebutted. There was no rebuttal. The real estate in question was conveyed to Will Scott by deed from Ted Wendlandt, Administrator of the estate of Chas. Wendlandt, Jr., deceased, appearing of record in Vol. 684, pages 343, 344 of the Deed Records of Travis County, Texas. The deed contains a recital that the conveyance was duly authorized by an order of the County Court of Travis County, Texas dated Nov. 13, 1941, recorded in Book 101, Page 390 of the Probate Minutes of said Court. See Glover v. Thomas, 75 Tex. 506; 12 S.W. 684; Rule 798, T.R.C.P. Burns v. Goff, 79 Tex. 236, 14 S.W. 1009. Such proof was neither questioned in the trial court by appellants' answer to appellee's motion for summary judgment nor was such proof questioned in any other of appellants' "summary judgment evidence." This, coupled with the fact that the trial court had before it a copy of a pleading introduced in the County Court by appellants wherein they assert Willie Cathey to be the only heir of the estate of Will Scott, left the District Court with no alternative but to rule as he did.

Since appellee, as Administratrix of the estate of Will Scott with power to bring suit to protect the estate brought suit under such power, should appellants have any legal rights as heirs of Will Scott, such rights are in no way prejudiced by this suit.

Appellants' third point of error is that of the court in finding that the deceased Will Scott was the owner of the $2,935.00 alleged by appellee to have been found by appellants, and the error of the court in entering summary judgment based upon such finding.

We overrule this point. Appellee plead that the deceased Will Scott owned the $2,935.00 in question; that on the day of his death appellants found the money in his garage (located on the property involved in this suit) and took it. Appellants,

with no pleadings to sustain them, have seized upon the word "found" used by appellee to raise a fact issue concerning the lost property doctrine. The fact that the money was in a building on his land raises a presumption that the money belonged to the deceased. Bullard v. Oatman, Tex.Civ. App., 271 S.W. 422. Appellee alleged ownership in the deceased and showed that the money was taken from his property the day of his death. Thus, in the absence of any pleading or other summary judgment proof on part of appellants that the property did not belong to the deceased or other facts that would bring the lost or misplaced property doctrines into effect, the court properly held that there was no fact issue as to the ownership of the property and correctly ruled on this point.

We affirm the judgment of the trial court.

Affirmed.