Wheeleb, J.
The grounds relied on for a reversal of the judgment are—
1st. The admission of the plaintiff’s evidence of title.
2d. The instructions of tiie court on the subject of abandonment of the country, and proof of performance of the conditions of the grant by the original grantee, under whom the plaintiff claimed.
3d. The instructions of the court and the finding of the jury in reference to the defense of the statute of limitations.
1. The objection that there was no proof of the authority of the commissioner De Leon to issue the title is not now relied on, and need not be noticed, further than to remark that the existence of Martin De Leon’s colonial contract, and that Fernando De Leon, who issued the present title, was the commissioner of that colony, and as such authorized to issue titles to colonists, are facts so notorious in tiie history of .the country, and so fully recognized and established iu its legislative and judicial proceedings, as to have become matters of judicial cognizance. (Robertson v. Teal, ante.)
In the act of the 10th of December, 1841, (6 Stat., 15,) confirming the title to certain lands in the corporation of the town of Victoria, under which the defendant claims the lot iu question, these facts are recited. The official character of Fernando De Leon and his authority are expressly recognized; and we are of opinion that proof of his official character was not necessary iu this case.
The translated copy of the title from the General Land Office is made by the statute (Hart. Dig., art. 744) prima facie evidence of the same grade as the original or protocol of which it is a copy. That, unquestionably, would be primary evidence, and, as such, admissible. As between the testimonio and the land-office copy, the former, on general principles, would be the best evidence. The latter would be but secondary, and, in order to its admission, it would be necessary for the party offering it to account for tiie non-prodnetipu of the testimonio. But since the statute has elevated the land-office copy to the same grade as the original, it is no longer secondary but is primary. evidence, and consequently is admissible without producing or accounting for the non-production of the testimonio. Perhaps, under particular circumstances of a character to cast doubt and suspicion on the title, it might be necessary to prove that a testimonio had been delivered or had existed. No such circumstances, however, appear in tiie present case. On the contrary, it was in proof that the grantee was a colonist, and the inference is that be was justly entitled to the grant which he received. Upon the principles main-' tained by repeated decisions of this court, the evidence in question was, we think, admissible. (Houston v. Perry et al., 3 Tex. R., 393; and see cases recently determined at Austin and Tyler.)
2. Tiie court rightly ruled that to constitute an abandonment of the country the act must be voluntary. This principle was settled in the case of Hardy et al. v. DeLeon. (5 Tex. R., 211.) Such a doctrine as that a party shall forfeit his title and suffer disfranchisement in consequence of an involuntary act, done by coercion and compulsion of the constituted authorities of bis country, civil or military, would be too revolting- to the common sense of justice of mankind to find a place in any just or enlightened code. -There certainly is nothing in the laws of this country which can give sanction or countenance to such a'priuciple.
The title issued to Bcnavidas was a perfect title. The conditions annexed to it were conditions subsequent. That imposed under the 30th article of the *189 colonization law of 1825, which required the payment of a certain sum, to be applied to (he building of churches, if not previously performed, was discharged by force of the change of government effected by the Bevolution of 183G and 1ho principle of religions liberty incorporated into the organic law of the Republic, by which freedom of conscience was secured and religion was emancipated from the civil authority. (Const. Rep. Dec. of Rights, sec. 3; Blair v. Odin, 3 Tex. R., 288, 300-1.) The condition of occupancy and cultivation, in respect to titles of the class to which the present belongs, was dispensed with by the 10th section of (lie general provisions of the Constitution of the Republic and the, 24 th section of the land law of the 14th of December, 1837. (Hart. Dig., art.. 1800.) There was, therefore, no error in the instruct ion of the court iu question.
Note 58. — Nicholson v. Horton, 23 T., 47; Lambert ». Weir, 27 T., 359.
Note 59, — Andrews i>. Marshall, 20 T., 212
3. It remains to inquire whether there was error iu the judgment in reference to the defense of tiic statute of limitations. To bar a recovery by one, having title, under the 1.1th section of the. statute, (Hart. Dig., 2391,) the defendant must have, been “in possession under title, or color of title,” during- the period of three years. The possession, to be, effectual either to prevent a recovery or vest, a right under the statute, must be an actual possession, attended with a manifest intention to hold and continue it. It must be, in the language of the authorities, an act ¡ml, continued, adverse, and exclusive possession.- (9 Serg. & R. R., 26; Angell on Dim., chap. 31, sec. 12.) There must be an actual occupation of tile premises, continued for the space of time required by the statute. (Ib.; 1 Marsh. (Ky.) R., 10(5; Id., 207; 3 Id., 366; Adamson Ejectment, Amer. ed., App., n. A.) That there was not such occupation or possession in the present case is manifest. At the date of the defendant’s deed there was no occupancy of the lot, and consequently there was at the time no adverse possession by those under whom be claimed. It is clear that lie could not connect his possession with that of Hicks, for the reason that Hicks had long before relinquished tin* possession and ceased to occupy tiie lot; and for the further reason that there was no privity between them. The. possession need not he continued by (lie samo person ; but wheu held by different persons it must be shown that a privity existed between them. (Id.; Winn v. Wilhite, 5 Mart., N. S., 52-1.) The defendant’s possession commenced witli the erection of the house, which in' afterwards sold to Rosell, and it was discontinued when the house was removed from the. lot, and it, was thereby stripped of the only improvement upon iu Three years liad not then elapsed. The possession of the dei'emVuit, therefore, was not continued for the space of time required by the, statute to render it effectual in bar of the plaintiff’s action ; and it is too clear for controversy that the statute of limitations could not legally avail the defendant, in any aspect in which the law might have been presented in the instructions. Whether the instructions refused were correct or not, as abstract propositions, is immaterial. They were rightly refused for the reason that they were based on assumptions of fact cither contrary to, or not warranted by, the evidence in the case. The verdict and judgment were in accordance with the evidence and law of the case, and the judgment is therefore affirmed.
Judgment affirmed.