THOMAS NICHOLSON V. A. T. HORTON AND OTHERS.

In an action of trespass to try title, if the plaintiff allege in his petition that the defendant claims under an older title from the State of Coahuila and Texas, but avers that the original of such title was not on file in the General Land Office, at the inception and completion of his own subsequent title under the State of Texas, he takes upon himself the burden of proving such averment.

The introduction of the. *testimonio*, or a certified translated copy from the General Land Office of what purports to be the original, is *primâ facie* evidence that the original was on file in the land office, at the time of inception or completion of the subsequent title under which the plaintiff claims, and is sufficient evidence of notice to such subsequent patentee.

It is not error to rule out evidence which, if admitted, could not have changed the result of the trial, or the verdict of the jury.

APPEAL from Goliad. Tried below before the Hon. E. J. Davis.

The appellant brought this action of trespass, to try the title to a tract of land lying in Carnes county, on the north side of the San Antonio river.

The plaintiff set out his title to the land in question, by patent from the State of Texas, dated in 1851, and alleged that the defendants claimed title under a pretended grant from the State of Coahuila and Texas, completed in 1834, for four leagues of land, embracing the premises in controversy; and averred that he had no notice of the existence of any such old grant; that the same was not on file in the General Land Office, nor was it of record, or platted on the map of the General Land Office, or in the county in which the land was situated.

On the trial, the plaintiff introduced his patent; the defendants admitted themselves in possession, and offered and read in evidence what purported to be a translated copy of an original grant from the State of Coahuila and Texas, to Victoriano Zepeda, dated in 1834, made with the proper seals attached to the paper on which the title purported to be written; all of which was properly certified by the commissioner of the Gene-

ral Land Office. They also gave in evidence the intermediate deeds from Zepeda to themselves.

The plaintiff then offered to prove, that at the time of his location and survey, there was no one in the actual occupancy of the land, nor were there any known marks or monuments of any survey including the said land. This was objected to, and excluded by the court. The plaintiff then moved to withdraw and exclude from the jury the exemplified copy of the title from the General Land Office, which had been read in evidence by the defendants; which motion was overruled by the court. The jury returned a verdict for defendants, and the plaintiff took his appeal to this court.

*S. A. White*, for the appellant.—The issues presented by the record are :—

First.* Whether the paper read by defendants as a translation of their original title, should have been admitted as evidence to defeat the plaintiff's recovery ?

Second. Whether the defendants had given such notice of their grant, as they were required to do by law, in order to protect them against an innocent purchaser without notice ?

1. In the first place it is contended, that the paper read, as a translation of a title to Zepeda, from the land office, does, on its face, show that it is the translation of a *testimonio*, by a person not authorized, from his office, to have the custody of, or to make authentic translations of *testimonios:* hence the paper read was not evidence that should have defeated the plaintiff's recovery.

2. It is contended, that if the defendants had a legal grant as against the state, it notwithstanding cannot prevail against the plaintiffs, because it was not filed in the land office as required by law. (Constitution of Republic, General Provisions, sec. 10; Hart. Dig. Art. 1782, Art. 184.)

It was not registered in the county as required by law. (Hart. Dig. Art. 2754.) No deed shall take effect as against third persons until registered. (Hart. Dig. Art. 2757.) Copies of deeds shall be registered when the originals are required to re-

main in the land office. (Hart. Dig. Art. 2761. See Guilbeau v. Mays, 15 Texas Rep. 411.)

*A. H. Phillips*, for the appellees.—The appellant makes two points before this court for the reversal of the judgment.

1. That the defendant was permitted to read a translation of a *testimonio*, which was certified to by a translator, without authority.

This objection is urged under a misapprehension of the character of the instrument translated. It was a translation of an original archive of the third seal, filed in the General. Land Office. The certificate was in due form, and made by the proper officer. It was properly admitted in evidence. (Hart. Dig. Art. 744.)

2. The appellant contends, that the original title had not been filed in the General Land Office, as required under the Constitution of the Republic. (Gen. Prov. sec. 10.) This is also a misapprehension.

It is also insisted, that the original grant or *testimonio* should have been recorded under Art. 2754, Hart. Dig. There is no penalty attached to this article : besides, it was repealed by Art. 1858.

The appellant also claims the benefit of Article 2757, Hart. Dig. The case of Guilbeau v. Mays, 15 Texas Rep. 410, is relied on as applicable to the title of the defendants. The cases are not alike. In the case of Guilbeau v. Mays, the *original* was not filed in the General Land Office, neither was it recorded in the county where the land was situated, neither was there any mesne conveyance recorded in the county; nor were there any landmarks or evidences of a previous survey, to give an inquirer notice of an adverse claim; nor was it *notorious* in the neighborhood that the land was covered by an old title.

The case at bar presents a different state of facts. 1. The original was filed in the land office. 2. The transfer from the widow and heirs of the original grantee, was filed and recorded in the proper county in 1847, and *previous* to the survey on

which the patent issued.   3.  The defendants by their tenants, appear to have been in the occupation of the land in controversy when the survey was made on which the patent issued. The case cited then, does not sustain the appellant in this cause.

Again, his patent issued September 29th, 1851.   Till then, he had not paid the purchase-money in full.   And under the facts disclosed in the testimony, how could he claim to be a purchaser for value without notice?  (1 Texas Rep. 350; 1 Sm. & Marsh.  Ch. Rep. 343; Boone v. Chiles, 10 Pet. Rep. 177.) The question of notice was distinctly submitted to the jury, under the charge of the court.

WHEELER, C. J.—The counsel for the appellant is mistaken in supposing that the land office copy of the title produced in evidence by the defendants, is not a copy of the original title. It is certified as such by the commissioner, is upon the proper seal, and is wanting the certificate appended by the officer to the *testimonio*.   The instrument appears, on its face, to be the first original, or protocol ; and if a doubt remained that it is so in fact, the doubt would be removed by a comparison of it with the *testimonios* of other titles issued by the same officer, in the records of other cases, now before the court.   It was properly admitted in evidence.   (Wheeler v. Moody, 9 Texas Rep. 372 ; 7 Id. 348 ; Id. 322.)

The court did not err in holding, in effect, that the production of the copy from the land office was *primâ facie* evidence that the original was deposited in that office in due time.   This was in accordance with the decision of this court in Byrne v. Fagan, 16 Texas Rep. 391.   It was there held, in the case of a conflict between an elder grant, and a patent, that the production of the *testimonio* by the claimant under the elder grant, raised the presumption that the original was deposited in the land office in due time; and the patentee, in order to claim as an innocent purchaser from the government, without notice of the previous grant, must rebut that presumption, by proof that the original was not

so deposited. And this is entirely consistent with the case of Guilbeau v. Mays, 15 Texas Rep. 410. The plaintiff, by his petition, took upon himself the burden of proving that the defendant's title was not deposited in the land office; and if the fact was as alleged, he should have come prepared with proof to make good his allegation. The title having been found in the proper place of deposit, in the absence of countervailing evidence, the presumption must be, that it was placed there in proper time.

The rulings upon the admissibility of evidence offered to disprove other notice, by occupation of the premises, or land marks upon the ground, and to prove the date of the plaintiff's survey, became immaterial by the failure of the plaintiff to produce any evidence tending to rebut the evidence of notice afforded by the proof that the original title was of record in the General Land Office. That was sufficient to affect the junior patentee with notice of the elder and superior title of the defendants; and had the proposed evidence been received the result must have been the same.

There is no error in the judgment, and it is affirmed.

Judgment affirmed.