## ALEX. MURPHY, ET AL. v. DOLORES, WELDER, ET ALS.

### SUPREME COURT, GALVESTON TERM, 1883.

*Trespass to Try Title—Evidence.* Where plaintiff's title derives no strength or support from a will offered in evidence, its admission or exclusion by the court was immaterial and did not prejudice any right of plaintiff.

*Same.—Limitation.—Description.—Taxes.—Possession.*—See this case for deeds held not to describe the land with sufficient certainty to meet the rigid requirements of the statute of limitation ; also facts authorizing the court to hold that there was not sufficient proof of the payment of taxes to make the plea of five years limitation available ; also proof of possession held insufficient.

*Same.—Stale Demand.*—The plea of stale demand, alone, cannot constitute a defense to a legal title, perfect on its face.

Error from San Patricio county.   Opnion by West, J.—The evidence of defendants in error disclosed, *prima facie*, a legal title in them to the land in suit, which would have authorized the julgment of the district court in their favor, unless all, or some one of the defenses relied on by the plaintiffs in error, were of such character as to bar or preclude their right to recover, notwithstanding, they had exhibited in evidence an apparently perfect title.

One defense was that Mrs. Redmond offered in evidence a title to the property superior to that of the defendants in error.   This clause was based upon the supposed will of John Toole, made in New Orleans on the 18th October, 1838.   This instrument was excluded by the court, and its action in that respect is one of the errors assigned.   We are not prepared to say that the objections to its introduction, which were sustained by the Court, were quite sufficient to justify its rejection, but as the case was submitted to the Court without the intervention of a jury, we regard the error of the Court in this respect, (if indeed there was any error,) as immaterial in view of the disposition we have concluded to make of the case.

The record does not show the date of the death of the testator, Toole, or the fact even of his death at all.   The supposed will has never been probated in Louisiana or Texas. and has never been filed or admitted to record.   It does not sufficiently describe the property supposed to be devised. nor state clearly where it is situated.   From these facts. compiled with the statement in the will, that "Martin Lawler has the deeds of it," and the further fact, that in 1836, the testator had previously conveyed the land in suit to Martin Lawler, under and through whom the defendants

in error derive title, we may safely conclude that it does not appear from this instrument, that it was either the object or intention of the testator by it to devise the land in suit, he having already previously parted with the title to it. In no aspect of the case does the plaintiffs' title derive any strength or support from the supposed will. In this view of the case its admission or exclusion by the Court was immaterial to the issue in hand, and the action of the Court in that respect did not prejudice any right that the plaintiffs had.

The evidence, in addition to the fact that it fails to show the death of John Toole, also fails to disclose the fact that the plaintiff in error, Catherine Redmond, is that sole heir of Thos. Redmond, the beneficiary named in the supposed will. All the record discloses on this subject is that said Catherine was the widow of one Peter Redmond, a brother of Thos. B. Redmond, and that she was recognized in their lifetime by Thos. R. and Mary R. Redmond, deceased, as the niece of the said Mary, and in the power of attorney executed by Catharine to her co-plaintiff, Murphy, she is described as the sole heir and only neice of Mrs. Mary R. Redmond, the deceased wife of Thos. R. Redmond, also now deceased. This evidence manifestly was not sufficient to establish her heirship, even if we were to concede that Thos. R. Redmond had by the supposed will of Toole acquired the land in question.

The plaintiffs in error also failed to make out the defense of limitation of five years, the only one of the pleas of limitation in support of which any evidence at all was adduced. The deeds from Wood, the Assessor and Collector of San Patricio county, to Sullivan, and of Sullivan to Thos. J. Redmond, did not describe the land conveyed with sufficient closeness and certainty, to meet the rigid requirments of this clause of the Statute of Limitations. Nor was the parol evidence, offered to explain the acknowledged obscurity of the deeds in this respect, if admissible at all, sufficient to remove the ambiguity.

There was also a plain, and in fact, a confessed absence of all proof of payment of taxes for at least one of the years necessary

to be completed, in order to complete the bar of the Statute by the lapse of five years from the date of plaintiffs' possession to the date of the institution of this suit.  There is no pretence that the taxes for 1878 or 1879, or for at least for one of these years, were ever paid.  There were no receipts proved for either year, and no receipt produced for a number of years, and upon the whole, the proof of payment of taxes was so uncertain as fully to justify the court below in holding, as it did, that the plaintiffs had failed to prove the payment of taxes for the time prescribed as required by the Statute, in order to enable them to avail themselves of the benefit of the plea of five years limitation.

Nor was the proof of actual possession under the recorded deeds more satisfactory.  The utmost effect that can be given to the evidence in this respect, is that the plaintiffs in error by pasturing cattle upon the land and herding sheep on it, and means of a dam, making a water-tank on the land, around which they erected a fence, maintained some sort of casual possession, (Andrews v. Marshall 26 Texas, 21,) for five or six years before the trial. The trial did not take place on 10th September, 1881, more than eighteen months after the institution of the suit, and even conceding that this species of possession was continued for six years from the day of trial, it would still be less than five years, when computed from the day of the filing of the suit, which event put an end to the running of the Statute.  Nor does such evidence of dominion and control as was adduced on the trial of their cause, necessarily establish the fact that such possession was exclusive, hostile or adverse to, or entirely inconsistent with the claim of the true owner.  (Wheeler v. Moody, 9 Texas, 372.)  Nor is the evidence in this case on this plea sufficiently clear and strong to establish the important element of continuity in their possession, as in any view of the case, as presented in the record, the plaintiffs in error failed to establish the defense of limitation.

The plaintiffs also claim that the defendants' title on which the suit is brought is a stale demand.  The cases of Carlisle v. Hart, 27 Texas, p. 350, and Connaly v. Hammond, 51 Texas, p. 648, in which the defense of stale demand, was successfully interposed,

were both cases in which the parties, setting up a claim had only an equitable right, which they had failed to assert for ten years or more, before the date of suit, without alleging any satisfactory explanation of their *laches*. On the other hand, in the present case, the defendants in error have a legal title to the land in suit, perfect on its face, and to such a title, the plea of stale demand alone, could not possibly constitute a defense.

In a case, in some respects similar to this, in which the plea of stale demand was attempted to be interposed to prevent a recovery upon a legal title, perfect on its face, this court passed upon this question. (40 Texas, 602.)

No conclusion adverse to the legal title of the true owner can be drwan from the fact, that after his title is perfected he refrains for a long period of years to take corporeal possession of his land. His title in law draws to it the possession, and this constructive possession remains with the holder of the fee until some hostile act, amounting in law to an act of ouster, destroys this character of possession.

In the case just referred to, Mr. Justice Moore observes : "We know of no authority to warrant the court in holding that the mere failure to pay taxes, or the laches or delay of the owner in bringing suit for the recovery of the land to which he has a legal title, will defeat his action, where there has been no actual adverse possession for a sufficient length of time to support a plea of limitation." (Williams v. Conger 49 Texas, p. 622.

These views are very pertinent to the question in the case before the court, and are conclusive against the plea of stale mand.

The judgment of the court below is affirmed.