## G. R. FERGUSON ET AL. V. ANGELINA RICKETTS ET AL.

### No. 910. Decided May 24, 1900.

**1. Act of Sale—Protocol—Archives—Presumption of Deposit.**

The original protocol of an act of sale made before the primary judge of Nacogdoches being found in the office of the county clerk of Nacogdoches County, it will be presumed that it was deposited in that office within the time prescribed by law, though bearing a memorandum showing that the grantor acknowledged it and requested its registration at a later date. (Pp. 567, 568.)

**2. Outstanding Title—Claimants Under Common Source.**

Where one deriving his title to land by conveyance from the original grantee is claimed as the common source of title for plaintiff and defendant, the latter may defeat plaintiff's recovery by the proof of an earlier valid conveyance by such original grantee to a person other than such common source. (P. 568.)

**3. Same—Presumption—Case Distinguished.**

The rule that proof of conveyance from the original grantee to a person other than the common source does not establish an outstanding title,—the presumption of title from the sovereignty of the soil to the common source (through such third person in whom title was so shown) still attaching (Rice v. Railway, 87 Texas, 90),—does not apply to a case (like the foregoing) in which the outstanding title proved could not be in the chain of title of the common source. (P. 568.)

ERROR to the Court of Civil Appeals for the Fourth District, in an appeal from Hardin County.

Ricketts and others sued Ferguson and others in trespass to try title, and obtained judgment which was affirmed on appeal. Appellants then procured writ of error.

*O'Brien, Bordages & O'Brien,* for plaintiffs in error.—Said purported deed or public act of sale does appear from the evidence to have been on the 6th day of November, 1837, in the custody and possession of D. Lacy, clerk of the County Court of Nacogdoches County, the legal custodian of said instrument, no actual filing in the office of the alcalde having been usual or necessary, and the presumption being that it had been filed and deposited therein, and the law making it original evi-

dence.  And if the foregoing proposition be correct, then the translated copy of same, marked exhibit "B," ought, under said agreement, also to have been admitted in evidence.  Act May 13, 1846; Rev. Stats., 1879, art. 2256; Rev. Stats. 1895, art. 2311; 1 Pasch. Ann. Dig. Laws of Texas, art. 3717; 1 Sayles' Civ. Stats., art. 2311; Hubert v. Bartlett, 9 Texas, 97; Andrews v. Marshall, 26 Texas, 212; Hooper v. Hall, 35 Texas, 82; Storey v. Flanagan, 57 Texas, 650; Van Sickle v. Catlett, 75 Texas, 404; Johnson v. Timmons, 50 Texas, 521.

If the court excluded said instrument, under said ninth objection, which was, "because plaintiffs and defendants derived title to the land in contest under a common source, to wit, under R. W. B. Martin, * * * neither party to the suit can go beyond the common source," then the exclusion of same was erroneous, in that the defendants could legally go behind the common source to show a superior outstanding legal title, and if shown it was a good defense to plaintiffs' suit.  Rev. Stats., art. 5266; Meyer v. Hale, 23 S. W. Rep., 991; Rice v. Railway, 24 S. W. Rep., 1097; Rice v. Railway, 26 S. W. Rep., 1047; Koenigheim v. Miles, 67 Texas, 113; Howard v. Masterson, 77 Texas, 41.

*Oliver S. Kennedy, H. G. Lane, Nicks & Bullitt,* and *W. W. Dies,* for defendant in error.—The purported public act of sale from Gregoria Garcia to Adolphus Sterne was a translated copy of the testimonio, which was not admissible in evidence unless its execution was first proven.  Wood v. Welder, 42 Texas, 408; Hatchett v. Conner, 30 Texas, 408; Word v. McKinney, 25 Texas, 258; De Leon v. White, 9 Texas, 600.

Said purported act of sale does not appear to have been filed in the office of any alcalde or judge in Texas previous to the first Monday in February, 1837, and the court can not presume that it was so filed, in the face of the record and the evidence offered by the appellant that it was filed on the 6th of November, 1837.  1 Sayles Civ. Stats., art. 3717; Rev. Stats. 1879, art. 2256; Rev. Stats. 1895, art. 2311.

If said paper purporting to be an act of sale was in fact an archive as claimed by the appellants, then it should have been in the possession of the Commissioner of the General Land Office at Austin, and the copy furnished by him.  1 Pasch. Ann. Dig., art. 70, et seq.

Said paper was in the Spanish language and could not be certified as an authentic copy by the clerk, unless it was shown that he had a knowledge of the language.

Said purported act of sale had never been recorded in the county where the land or any part of the same was situated, and could not therefore be admitted in evidence, and was properly excluded.  Rev. Stats. 1895, art. 4641; Rev. Stats. 1879, art. 4333.

Plaintiffs and defendants and interveners all claim the land under a common source, that is, under R. W. B. Martin, and defendants could not introduce the said purported act of sale to Adolphus Stern to show an outstanding title to defeat plaintiffs' action.  Rice v. Railway,

26 S. W. Rep., 1047; Glover v. Thomas, 75 Texas, 506; Dycus v. Hart, 2 Texas Civ. App., 354.

Said act of sale is a copy of a copy, and is not, on that account, admissible.

The paper itself shows by the certificate of the clerk to be copied from the deed records of Nacogdoches County, which was copied from the archives, as defendants claim. State v. Cardinas, 47 Texas, 288; Paschal v. Perez, 7 Texas, 349.

BROWN, ASSOCIATE JUSTICE.—Angelina Ricketts, S. R. Curtis, Georgia Ricketts, M. W. Francis, Robbie Francis, Joe Ramsour, and J. S. Ramsour sued the plaintiffs in error, G. R. Ferguson, W. A. Martin, J. D. Hooks, and Elias Shaw, in the District Court of Hardin County to recover a league of land granted by Coahuila and Texas to Gregoria Garcia. Camilla G. Davis and A. P. Gray intervened, claiming a part of the survey.

The grant to Garcia was made on the 20th day of June, 1835, and on the 23d day of September, 1857, Gregoria Garcia conveyed the land to R. W. B. Martin. The plaintiffs and the interveners claimed under Martin, and proved by the introduction of title papers that all of the defendants except Shaw claimed from the same source. It is asserted that it was not shown that Shaw claimed under Martin, but, in the view that we take of the case, it is unnecessary for us to investigate that question.

The plaintiffs and interveners showed a regular chain of title from R. W. B. Martin, bearing date anterior to the title from Martin under which the defendants claim. The defendants offered in evidence a certified copy, from the office of the clerk of the County Court of Nacogdoches County, of an act of sale from Gregoria Garcia to Adolphus Stern, conveying the land in question, dated August 19, 1835, made before Louis Rueg, primary judge, and signed by Garcia and the judge with two assisting witnesses. The clerk certifies this instrument to be a true copy of archive No. 23 of the said office. The plaintiffs interposed ten objections, among them that the plaintiffs and defendants claim under a common source of title. The trial court sustained the objections of the plaintiff and excluded the instrument. Judgment was rendered for the plaintiffs and the interveners, which was affirmed by the Court of Civil Appeals.

The act of sale, dated the 19th day of August, 1835, by Gregoria Garcia to Adolphus Stern, made before Louis Rueg, primary judge of Nacogdoches, was executed in compliance with the law then in force and passed the title to the land in question to Stern. Being prior in date to the conveyance from Garcia to R. W. B. Martin, it constituted an outstanding legal title superior to that of Martin and was a good defense to the plaintiff's action for the land.

The original protocol being found in the office of the county clerk of Nacogdoches County, it will be presumed that it was deposited in that

office within the time prescribed by law. Nicholson v. Horton, 23 Texas, 47.

The memorandum made upon the copy offered in evidence does not show that the original protocol was, on the day stated, first deposited in the office of the county clerk of that county, but it is evident that, the original being in the office, Gregoria Garcia appeared and acknowledged the execution of it in the form prescribed for proving deeds, and it was then recorded in the deed records.

The Court of Civil Appeals sustained the ruling of the trial court in excluding the certified copy of the original act of sale upon the ground that it would not have established an outstanding title if admitted, and, in support of that ruling, cited Rice v. Railway Company, 87 Texas, 90, in which the title of the common source was not derived directly from the original grantee, as in this case, but there was a gap between the sovereignty of the soil and the common source. The defendants, in that case, introduced a conveyance from the original grantee to another party, but did not show that it was not a link in the title of the common source, and this court held that the presumption that the common source had the title from the sovereignty of the soil would include the fact that the title proved as outstanding was embraced in the chain of title between the common source and the government. The evidence did not establish the existence of an outstanding superior title. In this case, R. W. B. Martin, the common source, derived his title directly from Gregoria Garcia, the original grantee. The government was the common source as to Martin and Stern; the latter having the prior conveyance, had the superior title. There was no chance for Stern's title to be in the chain of the common source, because the direct connection of Martin with Garcia necessarily excluded the conveyance to Stern. No presumption arises that the common source has acquired an independent outstanding title. Such presumption would nullify the rule that the title of the common source may be attacked by showing a superior outstanding title.

Garcia having parted with his title before he conveyed to Martin, the instrument excluded would have shown that plaintiffs did not have title to the land, and the court erred in excluding it from the jury, for which error, it is ordered that the judgments of the Court of Civil Appeals and of the District Court be reversed and that this cause be remanded.

*Reversed and remanded.*